JUDGE CARTER

15 CV 03867

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL DEPOSIT INSURANCE CORPORATION,
in its capacity as Receiver for BankUnited, FSB,

    Plaintiff,

– against –

GFI MORTGAGE BANKERS, INC.,

    Defendant.

---

Case No.:

COMPLAINT



RECEIVED
MAY 19 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Federal Deposit Insurance Corporation, in its capacity as Receiver for BankUnited, FSB ("FDIC-R"), by its undersigned attorneys, alleges against the defendant, GFI Mortgage Bankers, Inc. ("GFI") as follows:

### Introduction

1. This action is brought against GFI for its breach of a Mortgage Broker Agreement by which GFI sold or assigned mortgage loans to BankUnited, FSB ("BankUnited').

2. GFI breached its representations and warranties in the Mortgage Broker Agreement by providing BankUnited incomplete, inaccurate, false or misleading information regarding four mortgage loans sold or assigned to BankUnited. The FDIC-R files this action to recover its losses caused by GFI's breaches.

### Jurisdiction and Venue

3. This Court jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A) because suits brought by the FDIC-R are deemed to arise under the laws of the United States.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) on several independently sustainable grounds, including that GFI resides in this judicial district.

## Parties

5. The Federal Deposit Insurance Corporation ("FDIC") is a corporation and instrumentality of the United States of America, established under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1835(a), and is authorized to be appointed as receiver for insured depository institutions that have failed. BankUnited was a federally chartered savings bank with its principal place of business in Coral Gables, Florida. BankUnited was in the business of, among other things, buying or funding mortgage loans. On May 21, 2009, the Office of Thrift Supervision closed BankUnited and appointed the FDIC as Receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5). The FDIC as Receiver and is empowered to sue and complain in any court of law pursuant to 12 U.S.C. § 1819, and pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), the FDIC-R, by operation of law, succeeded to all of BankUnited's claims. In this action, the FDIC-R seeks to recover damages resulting from the conduct of the Defendant. The FDIC-R owns the subject claims and has standing to prosecute this action as BankUnited's receiver.

6. GFI is, upon information and belief, a New York corporation with its principal place of business located in New York, New York.

## Factual Background

7. On or about March 31, 2003, BankUnited and GFI entered into a written contract entitled Mortgage Broker Agreement (hereinafter "Agreement"). The Agreement sets for the terms and conditions, pursuant to which BankUnited would purchase and/or fund loans and GFI would originate, sell or assign loans.

8. The Agreement provides:

> ...[GFI] desires to sell and assign, and BankUnited desires to purchase and accept the assignment of, eligible mortgage files in process with respect to applications for Mortgage Loans, in

accordance with the terms of this Agreement.

1. **ORIGINATION OF LOAN APPLICATIONS**

a.  [GFI] may submit loan applications and related loan packages for mortgage loans to BankUnited and BankUnited, upon receipt thereof, may, in its sole and absolute discretion, approve such application and related complete loan packages. [GFI] warrants that each loan application submitted to BankUnited for approval shall conform in all respects to all the terms, conditions, representations and covenants contained in this Agreement.

b.  From time to time during the term of this Agreement, BankUnited shall determine and make known to [GFI] its eligibility criteria and submission procedures based on factors such as type of loans, loan limits, loan-to-value ratios, etc. These eligibility criteria and submission procedures are subject to change from time to time.

9. Regarding GFI's repurchase and indemnification obligations, the Agreement provides:

7. **REPURCHASE AND INDEMNIFICATION OBLIGATIONS**

a.  In the event a representation or warranty by [GFI] relating to a mortgage loan purchased by BankUnited is determined by BankUnited to have been inaccurate as of the date made, Broker agrees to repurchase such mortgage loan, should BankUnited or the then holder of the mortgage loan so request, at a repurchase price payable in cash equal to the following (exclusive of any advances made by the servicer thereof): (i) the then unpaid principal balance of the mortgage loan, (ii) all accrued but unpaid interest on the mortgage loan at its note rate, (iii) all out of pocket expenses of BankUnited in connection with the mortgage loan, and (iv) all expenses, including reasonable legal fees, incurred by BankUnited or such holder relating to such repurchase, including enforcing [GFI]'s obligation to repurchase. ...

d.  Broker herewith agrees to indemnify and hold BankUnited, and its related corporations, officers, directors, shareholders, employees and agents harmless from any and all loss, injury, damage, expense, penalties, fines, forfeitures and/or liability to any and all persons resulting, or claimed to have resulted, from any breach of [GFI]'s covenants, responsibilities, representations or warranties under this Agreement, or otherwise arising from or relating to any acts or omissions, whether willful, negligent or

otherwise, of [GFI] or its employees or agents. Such indemnification shall include, but not be limited to, interest, reasonable attorneys' fees by BankUnited's counsel, appraiser's costs, investigators' fees, experts' fees and such other costs and disbursements as may be incurred by BankUnited and such other persons in connection with such matters subject to indemnification by [GFI], as well as any damages however assessed.

10. Relevant to this action, GFI made the following representations and warranties to BankUnited for each loan submitted under the Agreement:

> 2. **REPRESENTATIONS, WARRANTIES, COVENANTS, RESPONSIBILITIES AND OBLIGATIONS OF BROKER.** As an inducement to BankUnited to enter into this Agreement, [GFI] makes the general and specific representations and warranties to BankUnited, and its successors and assigns, set forth in this Agreement, including but not limited to those set forth below in this Section 2, and agrees to perform fully the covenants, responsibilities and obligations set forth in this Section 2 and elsewhere in this Agreement.

11. The representations and warranties made by GFI in Section 2. include, but are not limited to, the following:

> h. No error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a Mortgage Loan has taken place on the part of any person, including without limitation the Mortgagor, any appraiser, or any other party involved in such Mortgage Loan.
>
> i. [GFI] warrants that: (i) it has personally met all loan applicants and obtained written verification (i.e. photo driver's license or passport) of such applicants identity; and (ii) all loan applications and all documents and information submitted to BankUnited hereunder, whether prepared by [GFI], borrower, appraiser, or otherwise, are complete, accurate and genuine, contain no false or misleading information, have been properly prepared and executed, with copies delivered as required by law, and all signatures and initials therein are authorized and genuine. [GFI] warrants that all loan applications submitted hereunder have been fully investigated by [GFI] and that all representations contained in the loan applications and related loan packages are true and correct and meet the requirements and specification of this Agreement and

the eligibility criteria provided to [GFI] by BankUnited. ...

12. The Agreement provides that all representations and warranties made by GFI shall survive (i) the funding of the loans by BankUnited, (ii) BankUnited's subsequent sale, assignment, or participation of loans, and (iii) termination of the Agreement.

13. Pursuant to the provisions contained in the Agreement, GFI sold or assigned the loans that are the subject of this action to BankUnited.

## Count I
## Breach of Contract
## (McDonnell Loan)

14. Plaintiff re-alleges and incorporates the foregoing paragraphs, as if fully set forth herein.

15. Pursuant to the Agreement, in or about September 2006, BankUnited funded a loan to Ian McDonnell in the amount of $280,000, which was secured by a property located at 5091 N.W. 7th Street, Unit 1005, Miami, Florida (the "McDonnell Loan").

16. BankUnited purchased the McDonnell Loan for valuable consideration in reliance upon representations and warranties made by GFI in the Agreement.

17. The McDonnell Loan, which was sold or assigned by GFI to BankUnited pursuant to the terms of the Agreement, failed to meet the documentation requirements of, or otherwise failed to comply with the terms and conditions of the Agreement by among other things, failing to accurately disclose the borrower's debt obligations. The failure to, among other things, accurately disclose the borrower's debt obligations violated the representations and warranties GFI made to BankUnited in the Agreement.

18. The McDonnell Loan defaulted.

19. Starting on or about July 19, 2013, the FDIC-R demanded that GFI perform its indemnification obligations under the Agreement with regard to the McDonnell Loan. GFI failed

and refused to perform these obligations despite having agreed to do so as a condition of BankUnited's purchase of the McDonnell Loan.

20.  GFI failed to perform its obligations under the Agreement respect to the McDonnell Loan.

21.  BankUnited and the FDIC-R have performed all of their obligations to GFI under the Agreement with respect to the McDonnell Loan, except any obligations BankUnited and the FDIC-R have been prevented or excused from performing by the acts and breaches of GFI.

22.  As a result of GFI's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, FDIC-R has suffered damages in an amount to be proven at trial, plus interest, and is entitled to attorneys' fees and costs under the Agreement..

## Count II
## Breach of Contract
## (Torres Unit 807 Loan)

23.  Plaintiff re-alleges and incorporates the foregoing paragraphs, as if fully set forth herein.

24.  Pursuant to the Agreement, in or about March 2007, BankUnited funded a loan to Claudio Pedro Torres ("Torres") in the amount of $300,000, which was secured by a property located at 5091 N.W. 7th Street, Unit 807, Miami, Florida (the "Torres Unit 807 Loan").

25.  BankUnited purchased the Torres Unit 807 Loan for valuable consideration in reliance upon representations and warranties made by GFI in the Agreement.

26.  The Torres Unit 807 Loan, which was sold or assigned by GFI to BankUnited pursuant to the terms of the Agreement, failed to meet the documentation requirements of, or otherwise failed to comply with the terms of the Agreement by, among other things, failing to

accurately disclose the borrower's debt obligations. The failure to, among other things, accurately disclose the borrower's debt obligations violated the representations and warranties GFI made to BankUnited in the Agreement.

27. The Torres 807 Loan defaulted.

28. Starting on or about January 5, 2012, the FDIC-R demanded that GFI perform its indemnification obligations under the Agreement with regard to the Torres Unit 807 Loan. GFI failed and refused to perform these obligations despite having agreed and committed to do so as condition of BankUnited's purchase of the Torres Unit 807 Loan.

29. GFI failed to perform its obligations under the Agreement with respect to the Torres Unit 807 Loan.

30. BankUnited and the FDIC-R have performed all of their obligations to GFI under the Agreement with respect to the Torres Unit 807 Loan, except any obligations BankUnited and the FDIC-R have been prevented or excused from performing by the acts and breaches of GFI.

31. As a result of GFI's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, FDIC-R has suffered damages in an amount to be proven at trial, plus interest, and is entitled to attorneys' fees and costs under the Agreement.

## Count III
## Breach of Contract
## (Torres Unit 805 Loan)

32. Plaintiff re-alleges and incorporates the foregoing paragraphs, as if fully set forth herein.

7

33. Pursuant to the Agreement, in or about September 2007, BankUnited funded a loan to Torres in the amount of $304,500, which was secured by a property located at 5099 N.W. 7th Street, Unit 805, Miami, Florida (the "Torres Unit 805 Loan").

34. BankUnited purchased the Torres Unit 805 Loan for valuable consideration in reliance upon the representations and warranties made by GFI in the Agreement.

35. The Torres Unit 805 Loan, which was sold or assigned by GFI to BankUnited pursuant to the terms of the Agreement, failed to meet the documentation requirements of, or otherwise failed to comply with the terms and conditions of the Agreement by among other things, failing to accurately disclose the borrower's debt obligations. The failure to, among other things, accurately disclose the borrower's debt obligations violated representations and warranties GFI made to BankUnited in the Agreement.

36. The Torres 805 Loan defaulted.

37. Starting on or about December 24, 2014, the FDIC-R demanded that GFI perform its indemnification obligations under the Agreement with regard to the Torres Unit 805 Loan. GFI failed and refused to perform these obligations despite having agreed to do so as a condition of BankUnited's purchase of the Torres Unit 805 Loan.

38. GFI failed to perform its obligations under the Agreement with respect to the Torres Unit 805 Loan.

39. BankUnited and the FDIC-R have performed all of their obligations to GFI under the Agreement with respect to the Torres Unit 805 Loan, except any obligations BankUnited and the FDIC-R have been prevented or excused from performing by the acts and breaches of GFI.

40. As a result of GFI's breach of the Agreement, including, but not limited to, its failure to perform its obligations under the Agreement, FDIC-R has suffered damages in an amount to be proven at trial, and is entitled to attorneys' fees and costs under the Agreement.

## Count IV
## Breach of Contract
## (Van Haaren Loan)

41. Plaintiff re-alleges and incorporates the foregoing paragraphs, as if fully set forth herein.

42. Pursuant to the Agreement, in or about February 2006, BankUnited funded a loan to Frank Van Haaren ("Van Haaren") in the amount of $185,300, which was secured by a property located at 940 Village Trail, Unit 9-301, Port Orange, Florida (the "Van Haaren Loan").

43. BankUnited purchased the Van Harran Loan for valuable consideration in reliance upon the representations and warranties made by GFI in the Agreement.

44. The Van Haaren Loan, which was sold or assigned by GFI to BankUnited pursuant to the terms of the Agreement failed to meet the documentation requirements of, or otherwise failed to comply with the terms and conditions of the Agreement by among other things, (1) failing to accurately disclose the borrower's debt obligations and (2) misrepresenting the borrower's income. These failures violated the representations and warranties GFI made to BankUnited in the Agreement.

45. The Van Haaren Loan defaulted.

46. Staring on or about January 15, 2013, the FDIC-R demanded that GFI perform its indemnification obligations under the Agreement with regard to the Van Haaren Loan. GFI failed and refused to perform the obligations despite having agreed to do so as a condition of BankUnited's purchase of the Van Haaren Loan.

47. GFI failed to perform its obligations under the Agreement with respect to the Van Haaren Loan.

48. BankUnited and the FDIC-R have performed all of their obligations to GFI under the Agreement with respect to the Van Haaren Loan, except any obligations BankUnited and the FDIC-R have been prevented or excused from performing by the acts and breaches of GFI.

49. As a result of GFI's breach of the Agreement, including but not limited to, its failure to perform its obligations under the Agreement, FDIC-R has suffered damages in an amount to be proven at trial, plus interest, and is entitled to attorneys' fees and costs under the Agreement.

**WHEREFORE,** Plaintiff respectfully demands judgment as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For prejudgment interest at the legal rate;
3. For costs of suit, disbursements and reasonable attorneys' fees incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 19, 2015

ELLENOFF GROSSMAN & SCHOLE LLP

By: _____
Eric Weinstein
Yong Hak Kim (Of Counsel)
1345 Avenue of the Americas
New York, New York 10017
Tel: (212) 370-1300
Fax: (212) 370-7889
eweinstein@egsllp.com

Counsel for Plaintiff